PER CURIAM.
Appellant files this appeal from an order denying relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix.
On December 30, 1959, four informations, each charging defendant with breaking and entering with intent to commit a misdemeanor, were filed with the clerk of court. The same day, defendant was arraigned on each of the aforedescribed informations, plead guilty thereto, was adjudged guilty thereunder, and was sentenced to three concurrent terms of six months to five years in the Florida State Prison, and one term of six months to five years to begin at the expiration of the first of the aforementioned six month to five years sentences.
On March 4, 1964, an order was entered vacating the aforementioned judgments and sentences. The same day defendant was re-arraigned with counsel on each of the aforedescribed informations, and entered pleas of guilty to each. On June 10, 1964, an order was entered placing defendant on three years probation in each of the afore-described cases.
On June 29, 1965, an order was entered revoking defendant’s probation. Defendant pleaded guilty to each of the aforedescribed informations and was sentenced to four, concurrent, six month to nine year sentences in the Florida State Prison. The Division of Corrections was directed to give defendant credit for all unforfeited gain time and for all time served under the former sentences. On May 18, 1966, an order was entered vacating the sentences imposed on June 29, 1965.
On May 31, 1966, defendant again appeared with his counsel and was sentenced *290 to serve a six month to five year sentence in one of the aforedescribed cases, and a consecutive six month to four year sentence in another of the said cases. He was sentenced to serve two other six month to four year sentences, to run concurrently with the aforementioned six month to four year sentence.
The sole error raised by the defendant in this appeal is that he has not been given proper credit for the time he served in prison under his original sentence of December 30, 1959.
The records filed with this court do not disclose facts from which it can be determined exactly how much gain time and time served that the defendant has to his credit. Based on the dates of the various sentences the defendant has served approximately six years in prison.
The defendant received three different sentences. The first was imposed on December 30, 1959. This sentence was vacated and a second sentence was imposed on the defendant in which the judge allowed the defendant credit for all the time served and gain time earned under the former sentence.
Subsequently the second sentence was vacated. In the third sentence the judge gave the defendant credit for all time served and gain time earned under the second sentence. The defendant claims that he was not given proper credit for the time he served under the first sentence.
After reading the record it appears that in the second sentence the defendant was given credit for all time served and gain time earned under the first sentence. In the third sentence the defendant was given credit for all time served and gain time earned under the second sentence. This would also include the credit given defendant for time served under the first sentence. Thus, the defendant has properly received credit for all time served under his previous sentences.
Finding no error in the record, the order appealed from is affirmed.
Affirmed.
ALLEN, C. J., and SHANNON and PIERCE, JJ., concur.